IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CHAZ CORLEONE SANTANGELO,<br><br>  Defendant. | 4:17-CR-3083<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 34) to the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 34) to the presentence report. The defendant argues that his 1993 robbery conviction cannot be used to establish his status as a career offender because U.S.S.G. § 4B1.2(c) provides that "[t]he date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of <u>nolo contendere</u>." So, the defendant argues, that conviction should not count because "the guidelines date to count convictions is from the day a defendant was found guilty." Filing 34 at 2.

But as the presentence report notes, while the defendant was initially convicted and sentenced in 1993, he violated his parole and was reincarcerated in 1999, then finally released in 2004. And while the date of a conviction is determined by the date that guilt was

established, it is the sentence, not the date of conviction, that establishes whether an offense is included in a defendant's criminal history calculation—including the determination of career offender status. § 4B1.2 cmt. n.3 (provisions of U.S.S.G. § 4A1.2 applicable to counting convictions under U.S.S.G. § 4B1.1); § 4A1.2(e) (defining applicable time period); *see United States v. Watson*, 332 F. App'x 341, 343 (8th Cir. 2009); *see also United States v. Allen*, 809 F.3d 1049, 1050 (8th Cir. 2016); *United States v. Montaque*, 221 F.3d 1345 (8th Cir. 2000). The date of conviction may be important for other purposes, such as determining whether an offense was "prior," but the 15-year lookback period of § 4A1.2(e)(1) looks back for the sentence, not the conviction. *See id.*

And here, the defendant's incarceration from 1999 to 2004 falls within that 15-year period. *See* § 4A1.2(e)(1). The Court's tentative finding is that the defendant's objection (filing 34) will be overruled.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 16th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge